IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARLES MCKINLEY,

    Plaintiff,

v.

PETsMART, INC. and KELLY WATSON,

    Defendants.

CIVIL ACTION NO. 2:05CV562-C

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendants PETsMART Inc. ("PETsMART" or "the Company") and Kelly Watson file this Notice of Removal of the above-captioned action, removing it from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division. In connection with this Notice of Removal, PETsMART and Watson respectfully state as follows:

    1.    On May 6, 2005, Plaintiff Charles McKinley ("Plaintiff") filed Case No. 05-1111, entitled "*Charles v. McKinley v. PETsMART Inc., and Kelly Watson*," in the Circuit Court of Montgomery County, Alabama.

    2.    On May 19, 2005, Plaintiff served PETsMART with the Summons and Complaint in the state court action by delivering copies of the Summons and Complaint to the Company's registered agent.

    3.    As of the date of this Notice of Removal, the only named Defendant who has been properly served is Defendant PETsMART.

    4.    On information and belief, a process server delivered a copy of the Summons and Complaint to a PETsMART employee on May 13, 2005, as attempted personal service on

Defendant Kelly Watson in her capacity as an individual defendant. However, the PETsMART employee, Al Williams, who accepted service on her behalf was not authorized to accept service for Ms. Watson. (*See* Exhibit 1 hereto Affidavit of Al Williams and Exhibit 2 hereto Affidavit of Kelly Watson.)

5.  As of the date of the filing of the Complaint and all times thereafter up to the present, Defendant Kelly Watson has been a citizen and resident of the State of Georgia. (Exhibit 2, Watson Affidavit, ¶ 5.) Ms. Watson moved to Georgia on March 28, 2005, prior to the filing of the Complaint in Alabama state court on May 6, 2005. (Exhibit 2, Watson Affidavit, ¶ 5). Ms. Watson currently maintains a residence at 1490 Willow Lake Dr., Apt. C, Atlanta, Georgia 30329. (Exhibit 2, Watson Affidavit, ¶ 5.) Ms. Watson has authorized the undersigned to represent her in this manner and joins in the Notice of Removal while reserving her objections to service of the Summons and Complaint. (Exhibit 2, Watson Affidavit, ¶ 5.) Service of the Summons and Complaint for Ms. Watson may be made by U.S. Mail on undersigned counsel.

6.  The title of the state court Complaint described PETsMART, Inc. as "aka SHEAKLEY UNISERVICE, INC., And Fictitious Parties 'A', 'B' and 'C' which are any and/or all persons, firms, corporations and associations involved in the management and operation of PETsMART Store, East Chase Shopping Center, Montgomery, Al." Other than this title, the Complaint contains no allegation as to the citizenship of any such entities or any allegation alleging liability or citizenship of such entities.

7.  Defendant PETsMART, Inc. is the sole proper corporate entity who employed Plaintiff and operated the store at which the alleged events occurred. (Exhibit 1, Williams Affidavit, ¶ 4.) PETsMART, Inc. does not conduct business under the names "SHEAKLEY

UNISERVICE, INC." or under any other "Fictitious Parties 'A', 'B' and 'C' which are any and/or all persons, firms corporations and associations involved in the management and operation of PETsMART Store, East Chase Shopping Center, Montgomery, Al," and it has no knowledge of the identity of any company designated "SHEAKLEY UNISERVICE, INC." (Exhibit 1, Williams Affidavit, ¶ 4.)

8.  Defendants PETsMART, Inc. and Kelly Watson are the only named Defendants in the complaint and both join in this Notice of Removal without waiving any objection to service of process.

9.  This Notice of Removal is filed within thirty (30) days of the date May 19, 2005 on which PETsMART was served with the Summons and Complaint upon its requested agent for service of process. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

10. Although Defendants submit that Plaintiff is not entitled to any recovery, the Complaint seeks recovery of an unspecified amount that could exceed $75,000.00, exclusive of fees and costs. The Plaintiff seeks recovery in Count I for false imprisonment; Count II for defamation; and County III for tortious interference with employment. Plaintiff alleges that he has suffered "great humiliation as he has been unable to find suitable employment following his dismissal" [Complaint, ¶ 7] and damage to his reputation [Complaint, ¶ 9] and continued unemployment that has "led to a serious financial burden to the Plaintiff that may continue until well into the future" [Complaint, ¶ 11], requesting a jury trial award. Plaintiff earned $26,400 per year with PETsMART. (Exhibit 1, Williams Affidavit, ¶ 3.) Thus, Plaintiff is requesting lost wages, and "front pay" for lost wages for an unspecified time which could exceed $75,000, as well as consequential damages caused by his unemployment. Plaintiff also seeks to recover for his "great humiliation." [Complaint, ¶ 7] Under Alabama Rules of Civil Procedure 15 (a)

Plaintiff could amend his Complaint without leave of court at any time forty-two days prior to first setting for trial. Plaintiff could amend his Complaint to clarify that he also seeks not only actual damages and a pain and suffering award, but punitive damages for each of the three alleged causes of action.

11.     Awards in recent Alabama cases on the same causes of action have been for amounts in compensatory and/or punitive and/or pain and suffering in excess of $75,000, including:  (1) $195,000.00 for false imprisonment and punitive damages [*Marshall v. Jubilee Bonding Co.*, See Exhibit 3, Affidavit of A. R. Tulani Grundy], (2) $100,000 for false imprisonment [*Hudson v. Parkway Storage, L.L.C.*, See Exhibit 3, Affidavit of A. R. Tulani Grundy], (3) $300,000 for defamation [*Daugherty v. Liberty Mutual Life Ins. Co.*, 2001 WL 34146624 (Ala. Cir. Ct. 2001)], (4) $633,900 tortious interference with business relations [*Peete v. The Bank*, 2001 WL 34146570 (Ala. Cir. Ct. 2001)]. Copies of opinions attached as collective Exhibit 3.

12.     This case is a civil action in which the controversy is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, this Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, and this case can be removed to this Court pursuant to 28 U.S.C. § 1441(a).

13.     The parties' citizenship is diverse within the meaning of 28 U.S.C. § 1332. Plaintiff is a citizen and resident of Montgomery County, Alabama.  [Complaint, ¶ 1.] PETsMART was incorporated under the laws of the State of Delaware, and PETsMART's principal place of business is in Phoenix, Arizona.  Defendant Kelly Watson is a citizen and resident of the State of Georgia. (Exhibit 2, Watson Affidavit, ¶ 5.)

14. This action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a)-(b) because this Court has original jurisdiction over this case. This Notice of Removal is filed within 30 days after receipt of the Summons and Complaint by the Company. The state court in which that action was commenced is within this Court's district and division.

15. As required by 28 U.S.C. § 1446(d), a Notice to State Court of Filing Notice of Removal, along with a copy of this Notice of Removal, has simultaneously been filed in the Circuit Court of Montgomery County, Alabama and served on Plaintiff. Attached as Exhibit 4 is a true and exact copy of the "Notice to State Court of Filing Notice of Removal" (without exhibits) that is being filed with the Circuit Court of Montgomery County, Alabama.

16. Other than the Complaint and Summons, no pleadings have been filed, and no proceedings have transpired in this case. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint are attached to this Notice of Removal as Exhibit 5.

WHEREFORE, Defendants PETsMART and Kelly Watson respectfully perfect the removal of this action from the Circuit Court of Montgomery County, Alabama to this Court.

Respectfully submitted, this 10th day of June, 2005.

*Charlotte K. McClusky*
Charlotte K. McClusky
Alabama Bar No. 5296A57M

LITTLER MENDELSON, P.C.
3348 Peachtree Road NE
Suite 1100
Atlanta, Georgia 30326-1008
404.233.0330 (Telephone)
404.233.2361 (Facsimile)

Attorney for Defendants, PETsMART, Inc. and Kelly Watson

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES MCKINLEY,<br><br>Plaintiff,<br><br>v.<br><br>PETsMART, INC. and KELLY WATSON,<br><br>Defendants. | CIVIL ACTION NO. _____ |

**CERTIFICATE OF SERVICE**

It is hereby certified that on this 10th day of June, 2005, a true and correct copy of the foregoing *Notice of Removal* has been served upon counsel for Plaintiff *via* U.S. Mail (postage pre-paid) at the following address:

Deborah Q. Harding
2800 Zelda Road, Suite 100-9
Montgomery, AL 36106
(334) 356-6070

_____
Charlotte K. McClusky
Alabama Bar No. 5296A57M
Attorney for Defendants

Littler Mendelson, P.C.
3348 Peachtree Road NE
Suite 1100
Atlanta, Georgia 30326-1008
404.233.0330 (Telephone)
404.233.2361 (Facsimile)

Firmwide:80093913.1 037653.1061