IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES MCKINLEY,           )<br>    Plaintiff                            )<br>                                         )<br>v.                                      )<br>                                         )<br>PETSMART, INC., *et al*.        )<br>                                         )<br>    and                                )<br>                                         )<br>KELLY WATSON,              )<br>                                         )<br>    Defendants.                     )<br>_____) | Civil Action No. 2:05-CV-562 CSC |

*DEFENDANT PETsMART, INC.'S ANSWER*
*AND AFFIRMATIVE DEFENSES*

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant PETsMART, Inc. (hereafter "PETsMART") hereby answers the Complaint of Plaintiff Charles McKinley ("Plaintiff") and denies each and every allegation not specifically admitted herein. In response to the numbered paragraph of Plaintiff's Complaint, Defendant answers as follows:

1.

As to Paragraph 1 of the Complaint concerning Plaintiff's current residence, PETsMART is without knowledge or information sufficient to admit the allegations of this paragraph, so they are denied.

2.

As to Paragraph 2 of the Complaint, PETsMART admits only that Defendant PETsMART maintains a retail store at the East Chase Mall in Montgomery, Alabama 36117. PETsMART denies the remaining allegations of this paragraph of the Complaint.

3.

PETsMART denies the allegations of Paragraph 3 of the Complaint.

4.

As to Paragraph 4 of the Complaint, PETsMART admits only that on or about July 26, 2004, Plaintiff was working at a PETsMART store located in East Chase Mall; that the then store manager, Defendant Watson, called Plaintiff to the store office where the District Manager, Al Williams, was waiting; that Plaintiff was asked to make a written statement; that at a later time Plaintiff said that he wanted to telephone his attorney; that Plaintiff made telephone calls; that Plaintiff left the PETsMART building; and that Plaintiff's employment with PETsMART was terminated for violation of PETsMART policy. PETsMART is without knowledge or information sufficient to admit the allegations as to whom Plaintiff contacted by telephone, so they are denied. PETsMART denies the remaining allegations of this paragraph of the Complaint.

5.

In that Count I, Paragraph 5 of the Complaint merely incorporates by reference the prior allegations of the Complaint, PETsMART incorporates herein its prior affirmative defenses, admissions, responses and denials.

6.

PETsMART denies the allegations of Paragraph 6 of the Complaint.

7.

As to Paragraph 7 of the Complaint, PETsMART is without knowledge or information sufficient to admit the allegations as to whether Plaintiff has been unable to find suitable employment following the termination of his PETsMART employment, so they are denied. PETsMART denies the remaining allegations of this paragraph of the Complaint.

8.

In that Count II, Paragraph 8 of the Complaint merely incorporates by reference the prior allegations of the Complaint, PETsMART incorporates its affirmative defenses, admissions, responses and denials.

9.

PETsMART denies the allegations of Paragraph 9 of the Complaint.

10.

In that Count III, Paragraph 10 of the Complaint merely incorporates by reference the prior allegations of the Complaint, PETsMART incorporates its affirmative defenses, admissions, responses and denials.

11.

As to Paragraph 11 of the Complaint, PETsMART admits only that PETsMART has marked Plaintiff as "not eligible for rehire" on its internal records. PETsMART is without knowledge or information sufficient to admit that placing an adverse hiring status on Plaintiff in internal PETsMART records has caused Plaintiff continued unemployment, so the allegation is denied. PETsMART denies the remaining allegations of this paragraph of the Complaint.

12.

The remainder of the Complaint is a prayer for relief which requires neither admission nor denial by Defendants; but if it does, PETsMART denies that Plaintiff is entitled to any recovery against any Defendant.

13.

PETsMART denies each and every allegation of the Complaint not expressly admitted in its prior responses.

## AFFIRMATIVE AND OTHER DEFENSES

Answering further, and by way of defense, PETsMART states as follows:

### FIRST AFFIRMATIVE DEFENSE

Some or all of the allegations of the Complaint fail to state a claim upon which relief may be granted against any Defendant.

### SECOND AFFIRMATIVE DEFENSE

Each and every action taken by PETsMART and any other Defendant toward Plaintiff was taken in good faith.

### THIRD AFFIRMATIVE DEFENSE

Although PETsMART denies that Plaintiff was in any way falsely imprisoned, Plaintiff consented to remaining at the PETsMART building until such time as he left.

### FOURTH AFFIRMATIVE DEFENSE

Although PETsMART denies that any Defendant defamed Plaintiff's character, any alleged comments are not defamation to the extent they are true.

### FIFTH AFFIRMATIVE DEFENSE

Although Defendants deny that either Defendant defamed Plaintiff's character, any alleged comments are not defamation to the extent they are not

published or are subject to a qualified immunity or privilege for intra-corporate communications.

## SIXTH AFFIRMATIVE DEFENSE

Although PETsMART denies that any Defendant defamed Plaintiff's character, any alleged comments are not defamation by PETsMART to the extent they were made by PETsMART employees and the statements were not authorized, ratified or condoned by PETsMART, are against PETsMART's policy of providing only neutral job references, and constitute action beyond the scope of such employee's job duties and constitute an *ultra vires* act for which PETsMART or any other Defendant is not responsible.

## SEVENTH AFFIRMATIVE DEFENSE

Although PETsMART denies that any Defendant tortiously interfered with Plaintiff's employment, any alleged communications are not tortious to the extent they are true or made with privilege.

## EIGHTH AFFIRMATIVE DEFENSE

Although PETsMART denies that any Defendant tortiously interfered with Plaintiff's employment, any alleged communications were not authorized, ratified or condoned by PETsMART, are against PETsMART's policy of providing only neutral job references, and constitute action beyond the scope of such employee's

job duties and constitute an *ultra vires* act for which PETsMART or any other Defendant is not responsible.

WHEREFORE, after such proceedings as the Court may deem appropriate, Defendant PETsMART, Inc. requests that the Complaint be dismissed in its entirety and that Plaintiff take nothing, and that judgment be entered in favor of all Defendants with an award to Defendants of costs and attorney's fees.

Respectfully submitted this 17th day of June, 2005.

> s/ Charlotte K. McClusky
> Alabama Bar No. 5296A57M
> LITTLER MENDELSON, P.C.
> 2248 Peachtree Road, N.E.
> Suite 1100
> Atlanta, Georgia 30326-1008
> Tel:   404.233.0330
> Fax:   404.233.2361
> E-mail: cmcclusky@littler.com
>
> ATTORNEY FOR DEFENDANTS

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **CHARLES MCKINLEY,** | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Civil Action No. 2:05-CV-562 CSC** |
| | ) | |
| **PETSMART, INC.,** *et al.* | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **KELLY WATSON,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

*CERTIFICATE OF SERVICE*

I hereby certify that on June 17, 2005, I electronically filed *Defendant PETsMART, Inc.'s Answer and Affirmative Defenses* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record: Deborah Q. Harding.

>s/  Charlotte K. McClusky
>Charlotte K. McClusky
>Alabama Bar No. 5296A57M
>LITTLER MENDELSON, P.C.
>2248 Peachtree Road, N.E.
>Suite 1100
>Atlanta, Georgia 30326-1008
>Tel:   404.233.0330
>Fax:   404.233.2361
>E-mail: cmcclusky@littler.com