IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES MCKINLEY,  )<br>    Plaintiff    )<br>            )<br>v.          )<br>            )<br>PETSMART, INC., *et al*.  )<br>            )<br>    and      )<br>            )<br>KELLY WATSON,    )<br>            )<br>    Defendants.  )<br>_____) | Civil Action No. 2:05-CV-562 CSC |

*DEFENDANT WATSON'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS*

Pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure, Defendant Kelly Watson ("Defendant Watson") hereby submits this *Memorandum of Law in Support of Motion to Dismiss For Insufficient Service of Process*. In support of this motion, Defendant Watson shows the Court as follows:

**I.    SUMMARY OF FACTS**

On May 6, 2005, Plaintiff Charles McKinley ("Plaintiff") filed his Complaint in the Circuit Court of Montgomery County, Alabama. (*See* Docket Entry No. 1—*Notice of Removal*, Plaintiff's Complaint attached as Exhibit 5.) On May 13, 2005, a process server delivered a copy of the Summons and Complaint to

1

PETsMART, Inc. employee Al Williams at the PETsMART store located at East Chase Mall in Montgomery, Alabama. (Williams Aff. ¶¶ 5-6, attached as Exhibit 1 to *Notice of Removal*.) Although Mr. Williams purported to accept service on Defendant Watson's behalf, he was not authorized by Defendant Watson to accept service on her behalf. (Williams Aff. ¶ 6; Watson Aff. ¶ 6, attached as Exhibit 2 to *Notice of Removal*.) On May 19, 2005, Plaintiff served Defendant PETsMART, Inc. with a copy of the Summons and Complaint by delivering copies of the same to the Company's registered agent. (Williams Aff. ¶ 8.) On June 13, 2005, Defendant PETsMART, Inc. removed the action to this Court. (*See* Docket Entry No. 1.)

At the time Plaintiff's Complaint was filed and when service was attempted, Defendant Watson was no longer employed at the PETsMART store located at East Chase Mall. At the time Plaintiff's Complaint was file and when service was attempted, she resided in Atlanta, Georgia (Williams Aff. ¶ 5; Watson Aff. ¶¶ 5-6.)

II. **ARGUMENT AND CITATION OF AUTHORITY**

Pursuant to Fed. R. Civ. P. 4, this Court should dismiss Defendant Watson because Plaintiff did not properly serve her with a copy of the Summons and Complaint. Federal Rule 4(e) provides that service may be effected upon an

individual either (1) pursuant to the law of the state in which the service is effected, or (2) by delivering a copy of the summons and complaint to the individual, or (3) by leaving copies of the same at the individual's dwelling house or usual place of abode with some person of suitable age and discretion residing therein, or (4) to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e).  Alabama Rule of Civil Procedure 4(c)(1) provides the same manner of service for individuals, and Alabama Rule 4(i)(2) also provides for service by certified mail.  In Alabama, "[s]trict compliance with the Rules of Civil Procedure regarding service of process is required." *Wright v. Rogers*, 435 So. 2d 90, 91 (Ala. Civ. App. 1983) (citing *Ex parte Shuttleworth*, 410 So. 2d 896 (Ala. 1982)).

It cannot be disputed that Plaintiff did not personally serve Defendant Watson.  Nor does the record before this Court reflect that service provided to Defendant Watson at her home or by certified mail.  Instead, Plaintiff attempted to serve Defendant Watson by delivering a copy of the Summons and Complaint to a PETsMART employee.  Neither the Federal Rules nor the Alabama Rules provide for service upon an individual defendant by service of a co-worker.  Indeed, at least one Alabama court has expressly rejected service under such circumstances. *See Aaron v. Aaron*, 571 So. 2d 1150 (Ala. Civ. App. 1990) (dismissing default

judgment, finding no personal jurisdiction over individual defendant due to lack of sufficient service of process where plaintiff merely served a secretary at defendant's place of work). Furthermore, Mr. Williams was not and has never been Defendant Watson's appointed agent for service. Accordingly, Plaintiff has not effected service upon Defendant Watson, and she should be dismissed from this action. *See Weiss v. Marsh*, 543 F. Supp. 1115, 1119 (M.D. Ala. 1981) (finding service of process on individual insufficient and dismissing the entire cause of action against him in his individual capacity); *accord Owens v. Harkins*, 18 F.R.D. 62 (M.D. Ala. 1955) (denying motion to dismiss where individual appointed agent for service of process and agent was served).

## III.   CONCLUSION

Based on the foregoing arguments and authorities, Defendant Watson respectfully requests that her Motion to Dismiss be granted and the Court dismiss Plaintiff's Complaint as to Defendant Watson. Defendant Watson further requests that the Court award her costs and expenses in bringing this motion and the Court issue any such further relief as it deems just and proper.

Respectfully submitted, this 17th day of June, 2005.

s/ Charlotte K. McClusky
Charlotte K. McClusky
Alabama Bar No. 5296A57M
LITTLER MENDELSON, P.C.
2248 Peachtree Road, N.E.
Suite 1100
Atlanta, Georgia 30326-1008
Tel:   404.233.0330
Fax:   404.233.2361
E-mail: cmcclusky@littler.com

ATTORNEY FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES MCKINLEY, ) | |
|    Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 2:05-CV-562 CSC |
| ) | |
| PETSMART, INC., *et al*. ) | |
| ) | |
|    and ) | |
| ) | |
| KELLY WATSON, ) | |
| ) | |
|    Defendants. ) | |
| _____) | |

*CERTIFICATE OF SERVICE*

I hereby certify that on June 17, 2005, I electronically filed *Memorandum of Law in Support of Defendant Watson's Motion to Dismiss for Insufficient Service of Process* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record: Deborah Q. Harding.

                                               s/ Charlotte K. McClusky
                                               Charlotte K. McClusky
                                               Alabama Bar No. 5296A57M

Firmwide:80114604.1 037653.1061