IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES MCKINLEY, an individual,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 2:05 CV- 562-C |
| | * | |
| **PETsMART, INC.**, *et al.*, | * | |
| | * | |
| Defendants. | * | |

### PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO REMAND

Plaintiff requests this Court to enter an order remanding this case to the Circuit Court of Montgomery County, Alabama, because this Court lacks subject matter jurisdiction. This action presents no federal question, and there is no complete diversity of citizenship between Plaintiff and Defendants in this case. Plaintiff is a resident of Alabama. Plaintiff has moved this honorable court for leave to amend his Complaint to add Defendant Al Williams. Plaintiff has asserted valid claims against the Resident Defendant, thus accordingly, there is no complete diversity (Compl. ¶4). Complete diversity of citizenship is absent here because individually named Defendant Al Williams, district manager for Defendant PETsMART, Inc (hereinafter "Petsmart"), is a resident of Alabama, the same state as Plaintiff.

Therefore, as complete diversity of citizenship between Plaintiff and Defendants is missing in this action, this Court respectfully lacks subject matter jurisdiction thus the case must be remanded.

## I. Statement of Facts and Procedural History

This action arises from injuries Plaintiff suffered as a result of an unlawful detainer of the Plaintiff by the above named employees of Petsmart. As a direct result of defendants' actions, Plaintiff Charles McKinley, was caused to suffer emotional distress. Further Defendants unlawful terminated Mr. McKinley's employment following this incident and have caused Mr. McKinley to continue to be unemployed due to their defamation of his character with other potential employers.

On May 6, 2005, Plaintiff filed suit to commence this action in the Circuit Court of Montgomery County, Alabama. Plaintiff asserts various causes of action against the Defendants', including false imprisonment, defamation, and tortuous interference with employment.

On June 10, 2005, pursuant to 28 U.S.C. §§ 1441, 1446, Defendant PETsMART filed a Notice of Removal with this Court. Plaintiff now moves to remand this action to the Circuit Court of Montgomery County, Alabama, in accordance with 28 U.S.C. § 1447(c).

## II. Summary of Argument

The sole question before this Court is whether this action should be remanded as having been improvidently removed. Complete diversity of citizenship is lacking. Although Defendant PETsMART claims that the Resident Defendant Kelly Watson was not a resident of the State of Alabama at the time the suit was filed, she was and continues to be an employee of the Defendant PETsMART whose principle place of business for this action was and continues to be Alabama. Further, an amended Complaint has been filed substituting Al Williams as a proper Defendant in this action,

2

and Al Williams is a Resident of the State of Alabama. Plaintiff's Complaint alleges claims against all Defendants that, if proved at trial, will, without any doubt, sustain a jury verdict. These allegations must be considered according to the well-established and logical standards set out herein. Because Plaintiff alleges valid causes of action against the Resident Defendants, remand of this action is required.

### III. Standard of Review

It is well-settled that federal courts are courts of limited jurisdiction and are "empowered to hear only cases within the judicial power of the United States as defined by Article III of the Constitution," or authorized by Congress. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)(quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). 28 U.S.C. § 1447(c) provides, in relevant part, that after a case has been removed to federal district court but "at any time before final judgment," the plaintiff may move for remand and "the case *shall* be remanded [if] it appears that the district court lacks subject matter jurisdiction." (Emphasis added).

Because removal jurisdiction raises significant federalism concerns, removal statutes must be strictly construed in favor of state court jurisdiction and against removal. *E.g., Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868 (1941); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Clay v. Brown & Williamson Tobacco Corp.*, 77 F.Supp.2d 1220, 1221 (M.D.Ala. 1999) (De Ment, J.). On a motion to remand, the defendants, as the removing parties, bear the burden of establishing federal subject matter jurisdiction. *E.g., Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Because federal courts are courts of limited jurisdiction, all

3

doubts about federal subject matter jurisdiction on removal should be resolved in favor of remand to state court, *e.g., University of South Alabama*, 168 F.3d at 411; *Pacheco de Perez*, 139 F.3d at 1373; *Diaz*, 85 F.3d at 1505; *Seroyer v. Pfizer, Inc.*, 991 F.Supp. 1308, 1312 (M.D.Ala. 1997); all questions of fact and controlling law should be resolved in favor of remand. *E.g., University of South Alabama*, 168 F.3d at 411; *see also, e.g., Shamrock Oil*, 313 U.S. at 108-09.

"An action is not properly removable if it consists of a non-separable controversy involving both resident and nonresident defendants." *Coker v. Amoco Oil Co., Inc.*, 709 F.2d 1433, 1439 (11th Cir. 1983). Thus, where, as here, the removing defendant asserts federal subject matter jurisdiction based on an amount in controversy over $75,000 and the diversity of citizenship of the parties, pursuant to 28 U.S.C. § 1332, the defendant must show there is complete diversity, that every plaintiff is diverse from every defendant. *Triggs v. John Crum Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)(citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)).

### IV. Argument

**A. Because Plaintiffs Assert Valid Claims Against Resident Defendants, Complete Diversity of Citizenship is Lacking, thus Remand is Appropriate.**

In the case at bar, Plaintiff and the Resident Defendant, Al Williams, are residents of Alabama. Thus, on the face of the Complaint, complete diversity is lacking, and, thus, this case must be remanded to the Circuit Court of Montgomery County, Alabama.

**B. Plaintiff's Motion for Leave to Amend Complaint Should be Granted.**

Plaintiff has filed a motion to amend his Complaint in order to add Al Williams as a Resident Defendants and has re-alleged and incorporated by reference each and every paragraph of the original Complaint. The Amended Complaint details how Resident Defendant Al William, was involved in the false imprisonment and was acting as agent of the defendant, PETsMART, in his capacity as district manager in Alabama.

Federal Rules of Civil Procedure Rule 15(c) allows an amendment of a pleading to relate back to the date of the original pleading when:

> **(1)** relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> **(2)** the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> **(3)** the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Plaintiff respectfully requests the Court to exercise its discretion pursuant to 28 U.S.C. § 1447(e) and remand this matter to state court. Under 28 U.S.C. § 1447(e), after a case has been removed to federal court, if a plaintiff seeks to amend the complaint in a way that would destroy jurisdiction, the court has the discretion to grant the amendment and remand the case to the state court. *Town of Gordon v. Great American Ins. Co., Inc.*, 331 F.Supp.2d 1357 (M.D.Ala., 2004). The court cannot allow an amendment that destroys federal jurisdiction and continue to exercise jurisdiction over the case. See *Ingram v. CSX*, 146 F.3d 858, 862 (11th Cir, 1998).

## V. Conclusion

As suggested above, the Court's only question in this proceeding is whether there is any possibility that Plaintiff has stated a claim against Resident Defendants Al Williams under Alabama law. Obviously, that question must be answered in the affirmative. Viewing evidence and factual disputes in Plaintiff's favor and resolving doubts in favor of remand, Plaintiff has stated valid claims against Resident Defendant Al Williams. Consequently, the Court must remand this entire action to the Circuit Court of Montgomery County, Alabama, where this action was commenced and where jurisdiction is clearly appropriate.

Respectfully submitted this 29th day of June, 2005.

/s/ Deborah Q. Harding
Deborah Q. Harding (HAR264)
Attorneys for Plaintiff

**OF COUNSEL:**

HARDING & CLAUNCH, LLC
2800 Zelda Rd., Suite 100-9
Montgomery, AL  36106
(334) 356-6070 Facsimile

**JURY DEMAND**

2:05CV 562-C

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES.**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 29th day of June, 2005.

                                                                                        /s/ Deborah Hardy
                                                                                        OF COUNSEL

Charlotte K. McClusky
Littler Mendelson, P. C.
3348 Peachtree Rd., NE, Suite 1100
Atlanta, GA  30326-1008

7