# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| CHARLES MCKINLEY,<br><br>　　　Plaintiff,<br><br>v.<br><br>PETsMART, INC. and KELLY WATSON,<br><br>　　　Defendants. | CIVIL ACTION NO.<br>2:05-CV-00562-F |

### DEFENDANTS' OPPOSITION TO
### MOTION TO REMAND AND
### MOTION TO FILE AMENDED COMPLAINT

Defendants PETsMART, Inc. ("PETsMART") and Kelly Watson oppose Plaintiff's Motion To Remand and submit that removal was proper in that at the time of the filing of the Complaint and the time of the filing of the Notice Of Removal that there was complete diversity of citizenship of adverse parties such that removal was proper pursuant to 42 U.S.C. 1441. Plaintiff's attempt to add Al Williams as a defendant fails to destroy diversity jurisdiction because Williams is currently and was at the time of the filing of the Complaint and the Notice of Removal, a citizen of Georgia and not Alabama, so there would remain complete

diversity of adverse parties supporting removal jurisdiction. *See* Second Affidavit of Al Williams ("Williams Second Aff."), attached hereto as Exhibit A, ¶¶ 2-6.

Defendants PETsMART, Inc. and Kelly Watson also oppose Plaintiff's Motion To File Amended Complaint on the basis that the Proposed Amended Complaint fails to state a cause of action upon which relief may be granted as to Williams and is a transparent attempt to fictitiously join a defendant on the mistaken belief that his joinder would destroy the diversity jurisdiction supporting removal of this case to federal court.

## I.  PROCEDURAL HISTORY.

The Complaint was filed on May 6, 2005, alleging that Defendants (a) falsely imprisoned Plaintiff on or about July 26, 2004, and subsequently committed the torts of (b) defamation and (c) tortious interference with employment. The Notice of Removal was filed on June 10, 2005 on the basis of diversity of citizenship of adverse parties Plaintiff and Defendants PETsMART and Watson.

Plaintiff is and was at all relevant times a citizen of the State of Alabama. [Complaint, ¶ 1.] The only properly named Defendants in the Complaint are PETsMART and Kelly Watson. [Complaint, ¶¶ 2, 3.] PETsMART is incorporated in the State of Delaware with its principal place of business in Arizona. [Defendants' Notice of Removal, ¶ 13.] Kelly Watson is and was at all

relevant times a resident and citizen of the State of Georgia, i.e. at the time of the filing of the Complaint and at the time of the filing of the Notice of Removal. [Defendants' Notice of Removal, ¶¶ 5, 13; Affidavit of Kelly Watson, ¶ 5, attached to Defendants' Notice of Removal.]  Plaintiff has not challenged these facts in the Motion To Remand.

The only allegations in the Complaint relevant to venue and service are the first three paragraphs which do not mention Al Williams.  Plaintiff has not served SHEAKLEY UNISERVICE, INC. referenced as an "aka" of PETsMART in the case heading and paragraph 2 of the Complaint.  PETsMART denies that it operates under any such name and has no knowledge of such an entity. [Defendants' Notice of Removal, ¶¶ 6-7.]  The Complaint's heading also refers to "fictitious Parties A, B and C" , but there is no allegation in the body of the Complaint about any alleged conduct of such entities and no allegation about their citizenship or agents for service of process or any allegation related to venue and jurisdiction.

Plaintiff now asks permission to file an Amended Complaint adding Al Williams as a party Defendant in an attempt to destroy diversity of citizenship between adverse parties and therefore obtain a remand of this action.  However, Al Williams is and was at all relevant times a citizen and resident of the State of

Georgia and not of Alabama. Further, the proposed Amended Complaint fails to state a cause of action upon which relief can be granted in that it fails to allege that Williams exercised any force or threat of force sufficient to constitute the tort of false imprisonment, nor is there any allegation of any role by Williams in the alleged defamation or tortious interference with employment.

## II.   REMOVAL WAS PROPER.

When diversity of citizenship is the basis supporting removal jurisdiction, it must exist at the time the original action is filed in state court and also at the time removal is sought to federal court. *Kellam v. Keith*, 36 L. Ed. 544, 12 S.Ct. 922, 144 U.S. 568 (1892)(cited in 14C Wright and Miller Federal practice and Procedure, § 3723, p. 571). The fictitious A, B and C companies which are included in the style of the Complaint, but not in the allegations of the body of the Complaint, can not defeat diversity.

> The Judicial Improvements and Access to Justice Act of 1988 provides that for removal purposes "the citizenship of defendants used under fictitious names shall be disregarded." Thus, the presence of Doe defendants no longer defeats subject matter jurisdiction, and does not afford a ground for remanding the action to state court.

14C Wright and Miller Federal Practice and Procedure, § 3723, p. 620 [citing among other cases: *Howell by Goerdt v. Tribune Entertainment Co.*, 106 F. 3d 215(7th Cir. 1997); *Ehrlick v. Oxford Ins. Co.*, 700 F. Supp. 495 (N.D. Ca. 1988)].

There is no evidence in the record indicating that Defendants PETsMART or Watson have knowledge of any such un-named Defendants or any allegation from which their identity could be determined.

Even if Plaintiff is allowed to join Al Williams as a party Defendant by filing the Amended Complaint, this will not destroy the diversity basis of removal. First, Al Williams was not a resident or citizen of the State of Alabama, but was instead a resident and citizen of the state of Georgia at all relevant times for the purpose of removal jurisdiction: (1) at the time of the filing of the Complaint, (2) at the time of the filing of the Notice of Removal, and (3) at the time of the filing of the Motion to File Amended Complaint. [Williams Second Aff. ¶¶ 2-6.]  His joinder as a party Defendant will not destroy diversity between adverse parties with the Plaintiff who is a citizen of Alabama.  [Complaint, ¶ 1; Proposed Amended Complaint, ¶ 1.]

### III. THE PROPOSED AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST WILLIAMS.

Plaintiff's effort to add Williams in the mistaken belief that he is an Alabama citizen is a fraudulent effort to defeat diversity jurisdiction and Plaintiff's Motion to Amend the Complaint should be denied.  Plaintiff has not stated a cause of action upon which relief may be granted against Williams and his fraudulent joinder should not defeat diversity as a basis for removal.  *Tapscott v. MS Dealer*

*Serv. Corp.*, 77 F. 3d 1353 (11th Cir. 1996); *Bevels v. American States Ins. Co.*, 100 F. Supp. 2d 1309 ( M.D. Al. 2000) (District Court has authority to deny right to amend complaint which would destroy complete diversity.)

    A.    **Allegations In The Complaint Against Williams.**

Both the Complaint and Proposed Amended Complaint fail to state a cause of action upon which relief may be granted as to Al Williams, so that his fraudulent joinder as a Defendant should not be allowed. The only allegations of conduct in the Complaint attributed to Al Williams are that:

> "The store manger, Ms. Kelly Watson called Mr. McKinley to the store office where the District Manager, Al Williams was waiting."
>
>     \* \* \*
>
> "In spite of Mr. McKinley's insistence that he had not committed a theft, he was detained for over an hour as the manager, Kelly Watson and Mr. Williams tried to coerce him into signing a false statement."

[Complaint, ¶ 4]. There is no allegation in the Complaint that Williams threatened force or exercised any force to detain Plaintiff as required to state a cause of action for false imprisonment. The only allegation is that Williams "tried to coerce him into signing a false statement" which would not be false imprisonment. See, e.g. *Sanders v. Show Show, Inc.*, 778 So. 2d 820, 823 (Al. App. 2000)("For there to be false imprisonment, there must be a direct restraint of the person...Any exercise of force, or the express or implied threat of force, by which in fact the other person is

6

deprived of his liberty, compelled to remain where he does not wish to remain, or to go where he does not wish to go, is an imprisonment."). Similarly, there is no allegation in Counts II or III of the Complaint of any action by Williams related to the defamation and tortious interference with employment or any request for relief against Williams. [Complaint, ¶¶ 5-11.]

### B.  Allegations In The Proposed Amended Complaint Against Williams.

The Proposed Amended Complaint is equally devoid of any allegation that Williams threatened force or exercised any force to detain Plaintiff as required to state a cause of action for false imprisonment. *Id.*  Even though the Proposed Amended Complaint names Williams as a defendant, there are still no allegations of any actions by Williams related to the defamation and tortious interference with employment Counts or any request for relief against Williams. [Proposed Amended Complaint, ¶¶ 5-11.]  In fact, the false imprisonment alleged in Count I does not even mention Williams, but claims only that "PETsMART and Kelly Watson used an express threat of force to detain Mr. McKinley until such time as that he would sign a false statement by expressing that if he left the manager's office the police would be called and he would be arrested." [Proposed Amended Complaint, ¶ 7.]  Similarly, the defamation and tortious interference with

7

employment alleged in Counts II and III of the Proposed Amended Complaint are only alleged against PETsMART. [Proposed Amended Complaint, ¶¶ 10 and 12.]

There is no mention in the Proposed Amended Complaint of any conduct by Williams that would constitute any of the three torts alleged. There is not even an accusation that he committed any of three alleged torts. His proposed addition as a party defendant is purely fictitious and an unsuccessful attempt to destroy diversity as a basis for removal. The motion to file the Proposed Amended Complaint should be denied.

### III. CONCLUSION.

As shown above and in the attached Second Affidavit of Al Williams, even if Williams is added as a party defendant, removal is proper because there remains complete diversity of adverse parties in that Williams is not a resident or citizen of the State of Alabama, but is and was at all relevant times a citizen and resident of the State of Georgia. Further, the proposed Amended Complaint fails to state a cause of action upon which relief may be granted as to Williams and his fictitious joinder should not defeat the diversity jurisdiction supporting removal. For these reasons, Defendants PETsMART and Kelly Watson request that Plaintiff's Motion To File The Amended Complaint be denied and that Plaintiff's Motion to Remand be similarly denied.

Respectfully submitted, this 21st day of July, 2005.

                                          s/ Donald W. Benson
                                          Donald W. Benson, *pro hac vice*
                                          Georgia Bar No. 052350
                                          LITTLER MENDELSON, P.C.
                                          2248 Peachtree Road, N.E.
                                          Suite 1100
                                          Atlanta, Georgia 30326-1008
                                          Tel:   404.233.0330
                                          Fax:   404.233.2361
                                          E-mail: dbenson@littler.com

                                          ATTORNEY FOR DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **CHARLES MCKINLEY,**            ) | |
|       **Plaintiff**                            ) | |
|                                                        ) | |
| **vs.**                                            ) | |
|                                                        ) | **Civil Action No.** |
|                                                        ) | **2:05-CV-00562-F** |
| **PETSMART, INC., et al.**        ) | |
|                                                        ) | |
|       **and**                                   ) | |
|                                                        ) | |
| **KELLY WATSON,**                  ) | |
|                                                        ) | |
|       **Defendants.**                      ) | |
|                                                        ) | |
| _____) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2005, I electronically filed *Defendants' Opposition to Motion to Remand and Motion to File Amended Complaint* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Deborah Queen Harding
>Harding & Claunch, LLC
>dqharding@knology.net

s/ Donald W. Benson
Donald W. Benson, *pro hac vice*
Georgia Bar No. 052350
LITTLER MENDELSON, P.C.
2248 Peachtree Road, N.E.
Suite 1100
Atlanta, Georgia 30326-1008
Tel:   404.233.0330
Fax:   404.233.2361
E-mail: dbenson@littler.com

ATTORNEY FOR DEFENDANTS

# EXHIBIT

# A

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| CHARLES MCKINLEY,<br><br>    Plaintiff,<br><br>v.<br><br>PETsMART, INC. and KELLY WATSON,<br><br>    Defendants. | CIVIL ACTION NO.<br>2:05-CV-00562-F |

***SECOND AFFIDAVIT OF AL WILLIAMS***

Pursuant to 28 U.S.C. § 1746, Al Williams states as follows:

1. My name is Al Williams. I am over eighteen (18) years of age, have a sound mind, and suffer from no disabilities that would prevent me from giving this Affidavit. I have personal knowledge of the facts and information contained in this Affidavit. I give this Affidavit for use in the above-styled legal proceeding.

2. My current full-time residence is 2343 A, Briarcliff Road, Atlanta, Georgia 30329. This has been my full-time and sole residence for one and a half years, going back to approximately January of 2003. Before that time, my full-time residence was on Whisper Wood Drive in Columbus, Georgia for two years,

1

going back in time to January of 2001. I have been registered to vote in the State of Georgia since 2000. I have paid Georgia state taxes since 2000.

3. I have been continuously employed at PETsMART since 2000. From 2000 to the date of this Affidavit, I have been continuously employed by PETsMART, Inc. and based in Georgia. Since January of 2003, my office address for my employment has been at PETsMART 290, 128 Perimeter Center West, Atlanta, Georgia, 30346. Before that, my PETsMART business address was in Columbus, Georgia. I have never maintained an office in Alabama while employed by PETsMART.

4. From 2000 to the present, I have been a citizen and resident of the State of Georgia.

5. From 2000 to the present, I have not owned property in the State of Alabama nor retained a residence there.

6. From 2000 to the present, I have not been a citizen or resident of the State of Alabama.

7. I declare under penalty of perjury that the foregoing is true and correct.
   Executed this 19 day of July, 2005.

   _____
   AL WILLIAMS

2