IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES MCKINLEY,<br><br>    Plaintiff,<br><br>v.<br><br>PETsMART, INC. and KELLY WATSON,<br><br>    Defendants. | CIVIL ACTION NO.<br>2:05-CV-00562-F |

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS KELLY WATSON

Defendants PETsMART, Inc. ("PETsMART") and Kelly Watson file this Reply In Support Of Watson's Motion To Dismiss for Insufficient Service of Process in response to the Order of this Court dated July 28, 2005. Watson's Motion To Dismiss should be granted because Plaintiff has presented no evidence of record that effective service has been made on Defendant Watson.

I.   PROCEDURAL AND FACTUAL HISTORY.

On May 6, 2005, the Complaint was filed. (*See* Docket Entry No. 1—*Notice of Removal*, Plaintiff's Complaint attached as Exhibit 5.)

On May 13, 2005, a process server delivered a copy of the Summons and Complaint to PETsMART, Inc. employee Al Williams at the PETsMART store

located at East Chase Mall in Montgomery, Alabama. (Williams Aff. ¶¶ 5-6, attached as Exhibit 1 to *Notice of Removal*.) Although Mr. Williams purported to accept service on Defendant Watson's behalf, he was not authorized by Defendant Watson to accept service on her behalf. (Williams Aff. ¶ 6; Watson Aff. ¶ 6, attached as Exhibits 1 and 2 to *Notice of Removal*.)

Prior to June 17, 2005, Defendants' Counsel, Donald W. Benson, telephoned and spoke to Plaintiff's counsel, Deborah Harding. Attachment A hereto, Affidavit of Donald W. Benson, par. 3. Mr. Benson told Ms. Harding that Kelly Watson was not a citizen of Alabama but maintained her residence in Georgia at the time of the filing of the Complaint and the attempt at service on her in Alabama. *Id.* Mr. Benson stated that Defendants' position would be that service through Al Williams would not be effective because he was not authorized to accept service for Kelly Watson. *Id.* Mr. Benson explained that he was authorized to accept service on Kelly Watson by U.S. mail. *Id.* There was no agreement to waive service upon Kelly Watson. *Id.* Plaintiff's counsel, Ms. Harding, did not indicate whether or not Plaintiff would attempt to serve Kelly Watson by U.S. Mail upon Mr. Benson. *Id.*

No service was received or rejected by Donald W. Benson for Kelly Watson prior to the deadline for filing an answer or motion to dismiss on June 17, 2005. *Id.*, par. 4.

On June 17, 2005, Defendant Watson filed a Motion To Dismiss on the basis of insufficient service of process.

On June 22, 2005, this Court issued a Show Cause Order directing Plaintiff to file any responsive pleading to the Motion To Dismiss by July 6, 2005.

On July 28, 2005, Plaintiff filed a Motion seeking permission to file out of time a pleading entitled "Motion To Show Cause Why Defendant Kelly Watson Should Not Be Dismissed".

On July 28, 2005, this Court issued and Order directing that Plaintiff's pleading shall be construed as a response in opposition to Watson's Motion to Dismiss and granting Defendants an opportunity to file a Reply In support.

Mr. Benson is lead counsel on this case for Defendants Watson and PETsMART. Att. A, Benson Aff., par. 5. Mr. Benson has not received any service by U.S. Mail or other form of delivery of a Summons and Complaint in this case for Kelly Watson since his telephone discussion with Plaintiff's counsel, including before or after the filing of Watson's Motion To Dismiss. *Id.*, par. 6. Mr. Benson has not been able to identify any record of his office's receipt of any

3

such Summons and Complaint. *Id.*, par. 7. Mr. Benson has examined the receipts for deliveries and U.S. Mail as well as the records kept on case filings and found no record of such delivery or U.S. Mail. *Id.*, par. 8. Mr. Benson has asked other attorneys listed as counsel of record in this case as well as the staff responsible for receiving and processing U.S. Mail and can find no record or indication of the office's receipt of a Summons and Complaint for Kelly Watson. *Id.*, par. 9. Similarly, there is no record of any employee or attorney rejecting U.S. Mail service of a Summons and Complaint for Kelly Watson. *Id.*, par. 10. Mr. Benson would be the only attorney authorized to reject any form of certified U.S. Mail in this case and Mr. Benson has not rejected any such attempt at service. *Id.*, par. 11.

## II. THERE HAS BEEN NO EFFECTIVE SERVICE OF PROCESS ON DEFENDANT KELLY WATSON.

Plaintiff's Response fails to provide any evidence or record of effective service of process, or any case cite or authority showing that the service on Al Williams was effective service. Paragraph 3 of Plaintiff's response claims that:

> An employee of PetsMart [sic] properly accepted personal service for Ms. Kelly Watson on May 13, 2005. At the time, Plaintiff had no knowledge that Defendant Watson had moved from the State and fully believed that service of process was proper.

(*See* Docket Entry No. 21.) However, the issue is not whether Plaintiff knew that service was improper or whether he believed service was proper, but whether

4

service was in fact properly made. The uncontroverted evidence of record is that Watson resided and worked in Georgia and no longer lived in Alabama at the time of the filing of the Complaint or the attempted service of her through Williams. Affidavit of Kelly Watson, par. 6, exhibit 2 to Defendant's *Notice of Removal*. Watson and Williams present affidavits testifying that Watson had not appointed Williams as her agent for accepting service of process. (Williams Aff. ¶ 6; Watson Aff. ¶ 6, attached as Exhibits 1 and 2 to *Notice of Removal*.) Plaintiff has not presented any evidence of record to show that Williams was authorized to accept service for Watson.

The only proper response to a motion to dismiss for improper service is: (1) to show service was in fact proper or (2) to properly re-serve the party before the motion to dismiss is granted. Plaintiff has failed to do either. Service is not proper when it is dropped with a co-worker not authorized to accept service at a store where the party is no longer assigned.

Plaintiff failed to re-serve the Summons and Complaint on Kelly Watson. Plaintiff's response at paragraphs 4 and 5 correctly points out that the undersigned counsel, Donald W. Benson, telephoned the office of Plaintiff's counsel, Ms. Harding and explained that the original effort at service through Al Williams was

ineffective, but that Mr. Benson was authorized to accept service for Ms. Watson by mail:

> 4. Mr. Donald Benson, attorney for PetsMart [sic] and Kelly Watson contacted my office to say that service of process was not proper but that if service was perfected by Certified Mail that he would accept service for Ms. Watson.
>
> 5. Service by Certified Mail was requested on July 1, 2005, as requested by Defendant's attorney of record.

(*See* Docket Entry No. 21.) However, this telephone conversation occurred <u>before</u> the filing of the motion to dismiss by Kelly Watson. Benson Aff., par. 3. Further, Mr. Benson spoke directly to Ms. Harding and explained that Mr. Williams did not have Kelly Watson's permission to accept papers on her behalf and that service on Ms. Watson was also ineffective because she was not a citizen of Alabama, but that Mr. Benson was authorized to accept service "by U.S. Mail" on Ms. Watson's behalf. *Id.*, par. 3.

Despite the conclusory statement in paragraph 5 of Plaintiff's response that "Service by Certified Mail was requested on July 1, 2005, as requested by Defendant's attorney of record," this statement is not presented in the form of an affidavit. It does not identify who asked or who was tasked with sending the Certified Mail. Maybe a secretary was asked to send such a letter, but it was not done. The Court cannot tell from this record. The record before the Court is

6

empty of <u>any</u> proof that service was attempted and rejected. There is no return receipt of unsuccessful delivery, no receipt for paying for a certified letter to be sent, and no sworn affidavit by Ms. Harding or a member of her legal staff that any such Certified Mailing was attempted.

In contrast, Defendant Watson presents the Benson Affidavit indicating that the attorneys and support staff for Defense counsel have no knowledge or record of any attempted delivery of a certified letter containing the Summons and Complaint from Ms. Harding or Harding & Claunch, LLC. No such letter was received and rejected by Defense counsel, as implied. Affidavit Benson, par. 6. No such letter was received and there is no evidence before the Court of any attempt at service by mail upon Ms. Watson.

The only evidence of record indicates that Plaintiff failed to timely file a response to the motion to dismiss. When told that service on Watson was ineffective and that she was not an Alabama citizen; instead of perfecting service by mail on Ms. Watson, Plaintiff chose to move to Amend the Complaint in an effort to add a purported third Alabama defendant, Al Williams, in order to destroy diversity and obtain a remand of this action. Plaintiff simply lost interest in serving Ms. Watson because she would not help Plaintiff destroy the diversity basis for removal jurisdiction.

### III. CONCLUSION.

For the reasons stated above and in Defendants' previously filed Motion To Dismiss and Memorandum in Support and the Affidavits of Williams, Watson and Benson, Defendants request that the Motion to Dismiss Kelly Watson be Granted.

Respectfully submitted, this 3rd day of August, 2005.

>s/ Donald W. Benson
>Donald W. Benson, *pro hac vice*
>Georgia Bar No. 052350
>LITTLER MENDELSON, P.C.
>3348 Peachtree Road, N.E.
>Suite 1100
>Atlanta, Georgia 30326-1008
>Tel:   404.233.0330
>Fax:   404.233.2361
>E-mail: dbenson@littler.com
>
>ATTORNEY FOR DEFENDANTS

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **CHARLES MCKINLEY,**<br><br>  Plaintiff,<br><br>v.<br><br>**PETsMART, INC. and KELLY WATSON,**<br><br>  Defendants. | **CIVIL ACTION NO.<br>2:05-CV-00562-F** |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2005, I electronically filed *Defendants' Reply In Support Of Motion To Dismiss* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Deborah Queen Harding
>Harding & Claunch, LLC
>dqharding@knology.net

>s/ Donald W. Benson
>Donald W. Benson, *pro hac vice*
>Georgia Bar No. 052350
>LITTLER MENDELSON, P.C.
>3348 Peachtree Road, N.E.. Suite 1100
>Atlanta, Georgia 30326-1008
>Tel:   404.233.0330
>Fax:   404.233.2361
>E-mail: dbenson@littler.com
>
>ATTORNEY FOR DEFENDANTS

9