IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES MCKINLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-cv-562-F |
| | ) | (WO) |
| PETSMART, INC. and KELLY WATSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Plaintiff's Motion to Remand (Doc. #9) and Motion to Amend Complaint (Doc. #10), both filed June 29, 2005. For the reasons set forth below, the Court finds that the Motion to Remand is due to be DENIED and the Motion to Amend Complaint is due to be GRANTED.

**I. FACTS AND PROCEDURAL HISTORY**

Charles McKinley ("McKinley") was employed as a Presentation Manager at PetsMart, Inc. ("PetsMart") in Montgomery, Alabama. (Compl. ¶4.) On July 26, 2004, he was detained in the store office for more than an hour while Store Manager Kelly Watson ("Watson") and District Manager Al Williams ("Williams") questioned him about an alleged theft. (*Id.*). Watson and Williams told McKinley that if he did not sign a statement admitting to the theft that the police would be called and McKinley would go to jail. (*Id.*) McKinley insisted that he did not commit the theft and refused to sign the statement. (*Id.*) McKinley

was eventually permitted to telephone his attorney, who convinced Watson and Williams to permit him to leave. (*Id.*) However, McKinley was fired from his position. (*Id.*) McKinley also alleges that PetsMart told other employees that he was responsible for the theft. (Compl. ¶9.) On May 6, 2005, as a result of these events, McKinley filed suit in the Circuit Court of Montgomery County, Alabama, asserting claims of false imprisonment, defamation and tortious interference with employment against PetsMart and Watson. (Compl. 1-6.)

On June 13, 2005, Defendants filed a Notice of Removal (Doc. #1), removing the action to this Court.[1] In this Notice of Removal, Defendants assert that this Court has diversity jurisdiction over this matter because there is complete diversity of parties and the amount in controversy exceeds $75,000. (Not. of Removal, 2-5.) McKinley is a resident of Montgomery County, Alabama. (Comp. ¶1.) Defendant PetsMart was incorporated in the state of Delaware with its principal place of business in Phoenix, Arizona. (Notice of Removal, ¶13.) Additionally, although Defendant Watson previously resided in Alabama, she has been a resident of the state of Georgia since March 28, 2005. (Aff. Watson, ¶5.)

On June 29, 2005, Plaintiff filed a Motion to Remand (Doc. #9) and a Motion to Amend Complaint (Doc. #10). In these Motions, the Plaintiff seeks leave to amend the

---

[1]Both PetsMart and Watson joined in the removal of the action, although Watson maintains that she has never been properly served. *See* Notice of Removal; *see also* Mot. to Dismiss for Insufficient Service of Process (Doc. #4).

Complaint to add Al Williams as a defendant[2] and asks that this case be remanded on the grounds that the addition of Al Williams defeats diversity jurisdiction. Plaintiff alleges that "Al Williams is a Resident of the State of Alabama." (Br. in Supp. of Mot. to Remand, 3.)

Defendants filed a Response in Opposition to Motion to Remand and Motion to File Amended Complaint (Doc. #18) on July 21, 2005, arguing that the addition of Williams would not defeat diversity jurisdiction because Williams is a Georgia citizen and because the Amended Complaint fails to state a claim against Williams.

## II. LEGAL STANDARDS AND DISCUSSION

**A. Motion to Remand**

As courts of limited jurisdiction, federal courts only have power to hear cases that they have been authorized to hear by the Constitution or the United States Congress. *See TKI, Inc. v. Nichols Research Corp.*, 191 F. Supp. 2d 1307, 1310 (M.D. Ala. 2002). Therefore, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *Id*. On a motion to remand, the burden of establishing jurisdiction is on the defendants as removing parties. *Diaz v. Sheppard*, 85 F.3d 1502, 1515 (11th Cir. 1996). Defendants

---

[2] Plaintiff's counsel states that "Al Williams . . . was named in the body of the original Complaint, but was inadvertently omitted in the heading of the original Complaint." (Mot. to Amend Compl., 1.) The Court finds it doubtful that Plaintiff intended to name Al Williams as an original defendant in the suit because his name is mentioned only in paragraph four of the Complaint, which contains the factual allegations, and is notably absent not only from the caption but also from the initial paragraphs identifying the parties, from the paragraphs identifying the defendants affected by each count, and from the final paragraph demanding relief.

meet this burden by proving, by a preponderance of the evidence, facts supporting the existence of jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted).

One basis for federal jurisdiction is diversity. Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of the parties, meaning that no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. §1332; *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996). The parties in this case do not dispute the amount in controversy requirement but only the complete diversity requirement.

For purposes of diversity jurisdiction, a corporation is a citizen of any state in which it has been incorporated as well as the state in which is has its principal place of business. 28 U.S.C. § 1332(a). The citizenship of an individual is determined by his or her "domicile," i.e. the "true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick*, 293 F.3d at 1257-58 (quotation and citation omitted). A change in domicile requires "[a] concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely . . ." *Id.* In removal cases, diversity jurisdiction must exist both at the time the original action is filed in state court and at the time of removal. *See*, Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3723 at 571 (3d ed. 1998).

It is undisputed that the Plaintiff in this case, McKinley, is a resident and citizen of Alabama. (Compl. ¶1; Notice of Removal, 13.) Defendant PetsMart is incorporated in Delaware and has its principal place of business, Arizona. (Notice of Removal, 13). Therefore, for jurisdictional purposes, PetsMart is a citizen of both Delaware and Arizona. Watson states in her affidavit that she moved to Georgia on March 28, 2005, and maintains her "permanent residence" in Atlanta, Georgia. (Aff. Watson, ¶5). This move was prior to the filing of this action on May 6, 2005, and prior to the removal of the action to this Court on June 13, 2005. Watson also states that she is "a citizen and resident of the State of Georgia." (*Id.*) In light of this evidence, the Court concludes that the Defendants have demonstrated that Watson is a citizen of the state of Georgia for the purposes of diversity jurisdiction. Therefore, complete diversity exists in this case under the original Complaint.

Because the Court intends to grant the Plaintiff's Motion to Amend the Complaint,[3] the existence of complete diversity in this case turns on the citizenship of Williams. Williams states that since January of 2003, his "full-time and sole residence" has been in Atlanta, Georgia. (*Id.*) Again, this date was prior to the filing of this action on May 6, 2005, and prior to the removal of the action to this Court on June 13, 2005. Williams also states that he has been based in Georgia with PetsMart and has been "a citizen and a resident of the State of Georgia" since 2000. (*Id.*) The Court finds that from this evidence that Williams is also a citizen of the state of Georgia for the purpose of diversity jurisdiction. Therefore,

---

[3] *See infra.* for a discussion of the merits of the Plaintiff's Motion to Amend Complaint.

because no Defendant is a citizen of the same state as the Plaintiff, complete diversity exists in this case. Thus, the Plaintiff's Motion to Remand is due to be DENIED.

**B. Motion to Amend Complaint**

Federal Rule of Civil Procedure 15 provides that if a party does not amend a pleading prior to the time when the responsive pleading is served, such as has occurred here, that party "may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FRCP 15(a).

The defendants argue that "Plaintiff's effort to add Williams in the mistaken belief that he is an Alabama citizen is a fraudulent effort to defeat diversity jurisdiction and Plaintiff's Motion to Amend the Complaint should be denied." (Defs.' Opp'n to Mot.to Remand & Mot. to File Am. Compl., 5.) Section 1447(e) of United States Code Title 28 provides that

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). This statute gives district courts discretion to allow post-removal amendments that would destroy subject matter jurisdiction after considering the following factors:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed,

and (4) any other factors bearing on the equities.

*Sexton v. G & K Servs., Inc.,* 51 F. Supp. 2d 1311, 1312 (M.D. Ala. 1999). However, because, as explained above, the Plaintiff's proposed amendment to the Complaint will not have the effect of destroying diversity, it is inappropriate for the Court to review or refuse to permit the Plaintiff's Motion to Amend under this standard.[4]  Therefore, the Court finds that the Plaintiff's Motion to Amend Complaint is due to be GRANTED.

### III. CONCLUSION

Consistent with the foregoing Memorandum Opinion, it is hereby

ORDERED that the Plaintiff's Motion to Remand (Doc. #9) is DENIED and the Plaintiff's Motion to Amend Complaint (Doc. #10) is GRANTED. It is further

ORDERED that the Plaintiff's Amended Complaint (Doc. #12), which was incorrectly filed and docketed as a separate entry as opposed to as an attachment to the Motion to Amend as required by Local Rule 15.1, is hereby STRICKEN. The Clerk of the Court is

---

[4] The Supreme Court has noted that under Federal Rule of Civil Procedure 15, leave should be freely given "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Pursuant to *Foman*, a district court may deny leave to amend a complaint under Rule 15(a) if that amendment would be futile. 371 U.S. at 182; *see also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (holding that "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal"). However, the Defendant has not argued that the Motion to Amend should be denied for this reason. Moreover, the Court finds that the Motion to Amend is not futile. Although it would be preferable if the Plaintiff had named Williams in conjunction with a specific count, this is unnecessary as the facts section of the Amended Complaint are sufficient to allege a claim of false imprisonment against him.

DIRECTED to docket a copy of the Amended Complaint following the entry of this Memorandum Opinion and Order.

DONE this 24th day of August, 2005.

        /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE