IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES MCKINLEY,<br><br>　　Plaintiff,<br><br>v.<br><br>PETsMART, INC., KELLY WATSON, and AL WILLIAMS,<br><br>　　Defendants. | CIVIL ACTION NO.<br>2:05-CV-00562-F |

**<u>DEFENDANTS PETsMART, INC. AND AL WILLIAMS'
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

COMES NOW Defendants PETsMART, Inc. (hereafter "PETsMART"), and Al Williams (hereafter "Williams") and submit their (collectively "Defendants") Answer to the First Amended Complaint (hereafter "First Amended Complaint") of Plaintiff Charles McKinley (hereafter "Plaintiff"), and denies each and every allegation not specifically admitted herein. In response to the numbered paragraph of Plaintiff's First Amended Complaint, Defendants answer as follows:

1.

As to Paragraph 1 of the First Amended Complaint concerning Plaintiff's current residence, Defendants are without knowledge or information sufficient to admit the allegations of this paragraph, so they are denied.

1

2.

As to Paragraph 2 of the First Amended Complaint, Defendants admit only that Defendant PETsMART maintains a retail store at the East Chase Mall in Montgomery, Alabama 36117. Defendants deny the remaining allegations of this paragraph of the First Amended Complaint.

3.

As to Paragraph 3 of the First Amended Complaint, Defendants admit only that Kelly Watson was the store manager of PETsMART Store, Montgomery, AL 36117, at the time of the incident and continues to be employed by PETsMART. Defendants deny the remaining allegations of this paragraph of the First Amended Complaint.

4.

As to Paragraph 4 of the First Amended Complaint, Defendants admit only that Al Williams is the District Manager of PETsMART Store, Montgomery, AL 36117. Defendants deny the remaining allegations of this paragraph of the First Amended Complaint.

5.

As to Paragraph 5 of the First Amended Complaint, Defendants admit only that on or about July 26, 2004, Plaintiff was working at a PETsMART store located in East Chase Mall; that the then store manager, Kelly Watson, called

Plaintiff to the store office where the District Manager, Al Williams, was waiting; that Plaintiff was asked to make a written statement; that at a later time Plaintiff said that he wanted to telephone his attorney; that Plaintiff made telephone calls; that Plaintiff left the PETsMART building; and that Plaintiff's employment with PETsMART was terminated for violation of PETsMART policy. Defendants are without knowledge or information sufficient to admit the allegations as to whom Plaintiff contacted by telephone, so they are denied. Defendants deny the remaining allegations of this paragraph of the First Amended Complaint.

6.

In that Count I, Paragraph 6 of the First Amended Complaint merely incorporates by reference the prior allegations of the First Amended Complaint, Defendants incorporate herein their prior affirmative defenses, admissions, responses and denials.

7.

Defendants deny the allegations of Paragraph 7 of the First Amended Complaint.

8.

As to Paragraph 8 of the First Amended Complaint, Defendants are without knowledge or information sufficient to admit the allegations as to whether Plaintiff has been unable to find suitable employment following the termination of his

PETsMART employment, so they are denied. Defendants deny the remaining allegations of this paragraph of the First Amended Complaint.

9.

In that Count II, Paragraph 9 of the First Amended Complaint merely incorporates by reference the prior allegations of the First Amended Complaint, Defendants incorporate their affirmative defenses, admissions, responses and denials.

10.

Defendants deny the allegations of Paragraph 10 of the First Amended Complaint.

11.

In that Count III, Paragraph 11 of the First Amended Complaint merely incorporates by reference the prior allegations of the First Amended Complaint, Defendants incorporate their affirmative defenses, admissions, responses and denials.

12.

As to Paragraph 12 of the First Amended Complaint, Defendants admit only that PETsMART has marked Plaintiff as "not eligible for rehire" on internal records. Defendants deny the remaining allegations of this paragraph of the First Amended Complaint.

13.

The remainder of the First Amended Complaint is a prayer for relief which requires neither admission nor denial by Defendants; but if it does, Defendants PETsMART and Williams deny that Plaintiff is entitled to any recovery against any Defendant.

14.

PETsMART and Williams deny each and every allegation of the First Amended Complaint not expressly admitted in their prior responses.

AFFIRMATIVE AND OTHER DEFENSES

Answering further, and by way of defense, PETsMART and Williams state as follows:

15.

FIRST AFFIRMATIVE DEFENSE

Some or all of the allegations of the First Amended Complaint fail to state a claim upon which relief may be granted against any Defendant.

16.

SECOND AFFIRMATIVE DEFENSE

Each and every action taken by PETsMART and Williams and any other Defendant toward Plaintiff was taken in good faith.

17.

## THIRD AFFIRMATIVE DEFENSE

Although PETsMART and Williams deny that Plaintiff was in any way falsely imprisoned, Plaintiff consented to remaining at the PETsMART building until such time as he left.

18.

## FOURTH AFFIRMATIVE DEFENSE

Although PETsMART and Williams deny that any Defendant defamed Plaintiff's character, any alleged comments are not defamation to the extent they are true.

19.

## FIFTH AFFIRMATIVE DEFENSE

Although PETsMART and Williams deny that any Defendant defamed Plaintiff's character, any alleged comments are not defamation to the extent they are not published or are subject to a qualified immunity or privilege for intra-corporate communications.

20.

## SIXTH AFFIRMATIVE DEFENSE

Although PETsMART and Williams deny that any Defendant defamed Plaintiff's character, any alleged comments are not defamation by PETsMART or

Williams to the extent they were made by PETsMART employees and the statements were not authorized, ratified or condoned by PETsMART or Williams, are against PETsMART's policy of providing only neutral job references, and constitute action beyond the scope of such employee's job duties and constitute an *ultra vires* act for which PETsMART or any other Defendant is not responsible.

21.

SEVENTH AFFIRMATIVE DEFENSE

Although PETsMART and Williams deny that any Defendant tortiously interfered with Plaintiff's employment, any alleged communications are not tortious to the extent they are true or made with privilege.

22.

EIGHTH AFFIRMATIVE DEFENSE

Although PETsMART and Williams deny that any Defendant tortiously interfered with Plaintiff's employment, any alleged communications were not authorized, ratified or condoned by PETsMART or Williams, are against PETsMART's policy of providing only neutral job references, and constitute action beyond the scope of such employee's job duties and constitute an *ultra vires* act for which PETsMART or any other Defendant is not responsible.

WHEREFORE, after such proceedings as the Court may deem appropriate, Defendants PETsMART Inc. and Williams, request that the First Amended

Complaint be dismissed in its entirety and that Plaintiff take nothing, and that judgment be entered in favor of all Defendants with an award to Defendants of costs and attorney's fees.

    Respectfully submitted, this 13th day of September, 2005.

    s/ Donald W. Benson
Donald W. Benson, *pro hac vice*
Georgia Bar No. 052350
LITTLER MENDELSON, P.C.
2248 Peachtree Road, N.E.
Suite 1100
Atlanta, Georgia 30326-1008
Tel:   404.233.0330
Fax:  404.233.2361
E-mail: dbenson@littler.com

ATTORNEY FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES MCKINLEY,<br><br>Plaintiff,<br><br>v.<br><br>PETsMART, INC., KELLY WATSON, and AL WILLIAMS,<br><br>Defendants. | CIVIL ACTION NO.<br>2:05-CV-00562-F |

### CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2005, I electronically filed *Defendant PETsMART, Inc.'s Answer and Affirmative Defenses to Plaintiff's First Amended Complaint* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Deborah Queen Harding
> Harding & Claunch, LLC
> dqharding@knology.net

> s/ Donald W. Benson
> Donald W. Benson, *pro hac vice*
> Georgia Bar No. 052350
> LITTLER MENDELSON, P.C.
> 2248 Peachtree Road, N.E.
> Suite 1100
> Atlanta, Georgia 30326-1008
> Tel:  404.233.0330
> Fax:  404.233.2361

E-mail: dbenson@littler.com

ATTORNEY FOR DEFENDANTS

Firmwide:80382401.2 037653.1061