IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES MCKINLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | (WO) |
| v. ) | Case No: 2:05-cv-562-F |
| ) | |
| PETSMART, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This cause is before the Court on Defendant Watson's Motion to Dismiss for Insufficient Service of Process (Doc. # 5). Upon consideration of the pleadings contained in the record, the court finds that this action should be DISMISSED WITHOUT PREJUDICE as to Defendant Watson due to Plaintiff's failure to properly serve process upon Defendant Watson.

### **I. Procedural History**

On May 6, 2005, Plaintiff filed his Complaint in the Circuit Court of Montgomery County, Alabama (Doc. #1, Ex. 5). On May 13, 2005, a process server delivered a copy of the Summons and Complaint to Al Williams, an employee of PETsMART, at the PETsMART store located at East Chase Mall in Montgomery, Alabama. At the time, Ms. Watson was also employed at the PETsMART located in East Chase Mall. Mr. Williams, as a co-worker of Ms. Watson, purported to accept service of process on her behalf.

Thereafter, Ms. Watson's counsel, Donald W. Benson, telephoned Plaintiff's counsel and explained that service of process through Mr. Williams was ineffective, but that he (Mr. Benson) was authorized to accept service of process on behalf of Ms. Watson via certified U.S. mail. Mr. Benson has not yet received a copy of the Summons and Complaint for Ms. Watson.

On June 13, 2005, Defendants filed a Notice of Removal in this Court (Doc. #1).

## II. Discussion

Rule 4(e) of the Federal Rules of Civil Procedure provides the acceptable methods of service of process for individuals within a judicial district of the United States. The Rule states, in pertinent part, that service may be effected:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Alabama Rule of Civil Procedure 4(c)(1) provides for the same methods of service of process as Rule 4(e) of the Federal Rules. Ala. R. Civ. P. 4(c)(1). Alabama Rule of Civil Procedure 4(i)(2) permits service of process by certified mail under the following conditions:

> (A) When Proper. When the plaintiff files a written request with the clerk

> for service by certified mail, service of process shall be made by that method.
> (B) How Served. In the event of service by certified mail, the clerk shall place a copy of the process and complaint or other document to be served in an envelope and shall address the envelope to the person to be served with instructions to forward. . . . The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified mail with instructions to forward, return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered. The clerk shall forthwith enter the fact of mailing on the docket sheet of the action and make a similar entry when the return receipt is received.

Ala. R. Civ. P. 4(i)(2. Rule 4(m) of the Federal Rules of Civil Procedure requires that the summons and complaint be properly served upon defendant within 120 days of filing the complaint. Fed. R. Civ. P. 4(m).

It is undisputed that Plaintiff neither personally served Ms. Watson with the Summons and Complaint, nor left copies at her home with a person of suitable age and discretion. It is also undisputed that Mr. Williams was not an agent appointed by Ms. Watson to receive service of process. Therefore, Plaintiff's initial attempt to effect service upon Ms. Watson by leaving copies of the Summons and Complaint with Mr. Williams failed to comply with either Federal Rule 4(f) or Alabama Rule (4)(c)(1).

After this failed attempt to serve process, Ms. Watson's counsel, Mr. Benson, informed Plaintiff's counsel that he (Mr. Benson) was authorized to receive service of process on behalf of Ms. Watson via certified U.S. mail. Pursuant to Rule 4(e) of the Federal Rules and Rules 4(c)(1) and 4(i)(2) of the Alabama Rules, such method of service would have been proper. However, Plaintiff has not put forth any evidence that the

Summons and Complaint were mailed to Mr. Benson vis certified U.S. mail. Furthermore, Mr. Benson provided an affidavit stating that he has not received a copy of the Summons and Complaint, nor is there any record in his office of receipt of the Summons and Complaint (Doc. #22, Ex. 1). Thus, the court concludes that Plaintiff has still not properly served Ms. Watson with the Summons and Complaint.

Plaintiff should be advised, however, that since the Complaint was filed on May 6, 2005, the Federal Rule 4(m) 120-day time limit to serve process has not yet run. Therefore, Plaintiff may, if it so chooses, make another attempt to properly serve process on Ms. Watson prior to the expiration of the 120-day period.

### III. Conclusion

In consideration of the foregoing, it is hereby

ORDERED that this action is DISMISSED WITHOUT PREJUDICE as to Defendant Watson pursuant to Federal Rule 4(e). This is no way affects the claims against the other defendants in this case.

DONE this 17th day of October, 2005.

                                          /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE