IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES MCKINLEY, an individual, | * |
| Plaintiff, | * |
| v. | *   CASE NO. 2:05 CV 562-C |
| PETsMART, INC., *et al.*, | * |
| Defendants. | * |

## *RESPONSE TO DEFENDANT'S MOTION FOR*

## *SUMMARY JUDGMENT*

COMES NOW the Plaintiff, Charles McKinley, by and through his attorney of record, Deborah Q. Harding, and requests that the Defendant's Motion for Summary Judgment be denied. The Plaintiff contends that there is an issue of material fact and that Summary Judgment is not proper. The Plaintiff submits the following Brief in support of this Motion. The Plaintiff submits exerpts from the deposition of Charles McKinley, which was included in its entirety in the defendant's brief.

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DENY
### SUMMARY JUDGEMENT

Mr. McKinley was employed as a Presentation Manager by PetSmart during the relevant time period. On or about August 13, 2006, Mr. McKinley was called to the manager's office and questioned about an alleged theft of store merchandise. There was an exercise of force as Mr. McKinley was told that he had to stay there until he signed a document stating he had committed a theft or the police would be called and he would go

to jail. In spite of Mr. McKinley's insistence that he had not committed a theft, he was detained for over an hour as the manager, Kelly Watson, and Mr. Williams, Regional Sales Manager, tried to coerce him into signing a false statement. Finally, Mr. McKinley insisted that he be allowed to telephone his attorney, and after the attorney conferred with the plaintiff and explained that this was a false imprisonment, Mr. McKinley left the facility. However, Mr. McKinley was subsequently fired from his position as a Presentation Manager.

The Defendant claims that he has made a prima facie showing that no genuine issue of material fact exists, however, we would dispute that claim citing notations from the deposition of the plaintiff, Charles McKinley. As the Defendants have stated, Summary Judgment must be entered if the party opposing the motion "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). As stated by the Defendants, facts that might affect the outcome of the case under Alabama law will properly preclude the entry of summary judgment. The applicable standard for reviewing the sufficiency of the evidence on in this matter is the "substantial evidence" rule. *Ala. Code 1975*, § 12-21-12. Substantial evidence" has been defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." *West v. Founders Life Assurance Co. of Florida,* 547 So. 2d 870, 871 (Ala. 1989). We believe that the below facts are substantial evidence that the Defendants did unlawfully detain the plaintiff so that he was deprived of his personal liberty.

## Basis of False Imprisonment Claim

To prevail in a false imprisonment action, the Plaintiff must establish that there was some direct restraint of his person. "Any exercise of force or the ***express or implied threat of force*** by which in fact the person is deprived of his liberty, compelled to remain where he does not wish to remain, or go where he does not wish to go, is an imprisonment." *Williams v. Wal-Mart Stores,* 2000 U.S. Dist. LEXIS 14956 *9. The evidence shows that the Defendants threatened the Plaintiff that if he left he would be arrested (Plaintiff's Deposition, Pgs. 102, 103) thereby exercising an express threat of force in order to keep the Plaintiff from leaving the manager's office and to force the plaintiff to sign a false document that would impeach the plaintiff. Plaintiff does admit that he was not physically restrained, however, when the plaintiff asked to step out of the office to regain his composure, the Defendant Al Williams told him that "if you leave, you're going to be arrested". (Plaintiff's Depo., pg. 102, 103). When the Plaintiff asked to call his lawyer, he was told he didn't need a lawyer and he was told over and over that if he walked out the door, he would be arrested. (Plaintiff's Depo., pg 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115).

The Defendants cite *Williams v. Wal-Mart Stores* to support the contention that there was no false imprisonment in this instance. However, in *Williams*, the plaintiff admitted that she did not ask to leave whereas Mr. McKinley asked several times if he could leave and was told that if he did he would be arrested. When the Plaintiff's friend arrived at the store, the friend was told that he was not allowed in the office, but the friend pushed the door open and entered. (Plaintiff's Depo., pg. 118). After the friend

entered the office, the Plaintiff talked to his lawyer and was advised that he could leave. After having the reassurance from the attorney that the managers were detaining him unlawfully, the Plaintiff exited the office where the interrogation was taking place. (Plaintiff's Depo., pg 126, 127).

As in *Williams,* the parties differ as to precisely what was said, however, unlike Ms. Williams, Mr. McKinley asked on several occasions to be allowed to leave and was told that if he left he would be arrested and charged criminally. In *Williams,* it was undisputed that Ms. Williams was not told by her employer that she could not leave, whereas in this incident, Mr. McKinley was expressly told that if he left he would be arrested.

In *Crown Central Petroleum Corp. v. Williams,* 679 So. 2d 651, 654 (Ala. 1996) the Court indicated that liability for false imprisonment cannot be predicated merely on a person's good faith act of giving information to the police that shows that a crime has been committed as that involvement in another's detention is not regarded as an instigation or participation in the detention or arrest. In *Crown*, the employer did not directly detain or restrain the plaintiff, rather, the employer relayed information to the police that led to an arrest. However, in this instance, the detention of the plaintiff was not for the purpose of holding the plaintiff until such time as the information about a possible crime could be given to the police so that an arrest might occur, rather, the detention was for the purpose of eliciting a false incriminating statement from the plaintiff. The threat of giving information to the police was used as a means of depriving the plaintiff of his liberty and compelling him to remain in the manager's office until such time as he capitulated and signed a document which could then be used to

4

incriminate the plaintiff. In other words, the defendants were not detaining Mr. McKinley for the purpose of committing a good faith act of giving information to a police office that would tend to show that a crime had been committed, rather, the defendants were detaining Mr. McKinley so as to coerce Mr. McKinley into giving them a statement that the defendant's could use to show that a crime had been committed.

In *Big B, Inc. v. Cottingham,* 634 So. 2d, 999 (Ala. 1993), the Court did find that an employer could be held liable for a false imprisonment committed by one of its employees while acting within the line and scope of his employment. Although the facts of *Big B* are not similar to this instance, it should be noted that the employer was held liable for an incident wherein a shopper was detained and intimidated with threats of calling the police. Ironically in *Big B,* the police arrival ended the false imprisonment and the police refused to press charges against the shopper as there was no evidence that she was involved in the shoplifting incident that led to her detention by the store manager.

<u>Basis of Defamation of Character Claim</u>

The elements of a cause of action for Defamation in Alabama are: "1) a false and defamatory statement concerning the plaintiff; 2) an unprivileged communication of that statement to a third party; 3) fault amounting at least to negligence; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement." *Drill Parts and Service Co. v. Joy Mfg.,* 619 So. 2d 1280, 1289 (Ala. 1993). For Slander to be actionable per se, the defendant must impute an indictable offense involving infamy or moral turpitude and words which impute larceny are slanderous per se. *Lewis v. Ritch,* 417 So. 2d 210, 211-212 (Ala. Civ.

5

App. 1982). When Mr. McKinley's friend, Gene Randolph, came to the store and entered the office in order to assist Mr. McKinley, Al Williams, the loss prevention manager of the store informed Mr. Randolph that the Plaintiff had stolen merchandise out of the store. (Plaintiff's Depo., pg 121). This utterance was communicated directly to Mr. Randolph. Subsequent to this incident, no criminal charges were filed against Mr. McKinley and in spite of Mr. Williams' statements to Mr. McKinley that there were pictures to prove his guilt (Plaintiff's Depo, pg. 99), no such evidence has been presented in this matter. The fact that Mr. Williams told Mr. Gene Randolph that Mr. McKinley had stolen merchandise from the store is slander per se. The affidavit of Kristi Hill is an attempt at discrediting Mr. McKinley further, and indicates that there is a factual determination as to whether or not Mr. Williams' statement is true or false. This is exactly the type of factual determination that should be decided by a jury of Mr. McKinley's peers.

      WHEREFORE, THE PREMISES CONSIDERED, the Plaintiff beseeches this Honorable Court to deny the Defendants' Motion for Summary Judgment. The Plaintiff is the non-moving party for this Summary Judgment action and is entitled to have all reasonable doubts resolved in his favor. *N.J. v. The Greater Emanuel Temple Holiness Church,* 611 So. 2d 1036 (Ala. 1992). The Plaintiff prays this Court to allow this case to continue forward and to allow the factual determination as to the circumstances surrounding this incident to be resolved by a jury of Mr. McKinley's peers.

      Respectfully submitted,

      /s/ Deborah Harding
      **DEBORAH Q. HARDING (HAR 264)**

                                      Attorney for Plaintiff

OF COUNSEL:
HARDING & CLAUNCH, LLC
2800 Zelda Road, Suite 100-9
Montgomery, AL  36106
334-356-6070


**CERTIFICATE OF SERVICE**

      I hereby certify that on May 2, 2006, I electronically filed Plaintiff's ***Motion in Opposition of Summary Judgment*** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

                Charlotte K. McClusky
                Littler Mendelson, P. C.
                3348 Peachtree Rd., NE, Suite 1100
                Atlanta, GA  30326-1008


                                    /s/ Deborah Q. Harding


**OF COUNSEL:**

HARDING & CLAUNCH, LLC
2800 Zelda Rd., Suite 100-9
Montgomery, AL  36106
(334) 356-6070 Facsimile